IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MARY WILLIAMS, : | |
| : | |
| Plaintiff, : | |
| v. : | |
| : | No. 3:13-CV-138 (CAR) |
| TOM J. VILSACK, : | |
| Secretary of the United States : | |
| Department of Agriculture, : | |
| : | |
| Defendant. : | |
| _____ : | |

## ORDER ON MOTION TO DISMISS

Plaintiff Mary Williams, proceeding *pro se*, filed this employment discrimination suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against Defendant Tom J. Vilsack in his official capacity as the Secretary of the United States Department of Agriculture.  Currently before the Court is Defendant's partial Motion to Dismiss [Doc. 6].  Therein, Defendant requests dismissal of Plaintiff's race and sex discrimination claims as well as her hostile work environment claim.  Having considered the Motion, the response thereto, and the applicable law, Defendant's Motion to Dismiss [Doc. 6] is **GRANTED**.

## LEGAL STANDARD

Defendant moves to dismiss the above-referenced claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) based on Plaintiff's failure to exhaust her

administrative remedies.  It is clear that **"**exhausting administrative remedies . . . is a prerequisite to a federal employee's filing an employment discrimination action under Title VII."[1]  However, a plaintiff's failure to exhaust her administrative remedies does not require dismissal for lack of jurisdiction under Rule 12(b)(1), but can be grounds for dismissal for failure to state a claim under Rule 12(b)(6).[2]

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[3]  To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4]  A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[6]

When determining the adequacy of the allegations in the complaint, the Court remains mindful that "*[p]ro se* pleadings are held to a less stringent standard than

---

[1] *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 425 (11th Cir. 2010).
[2] *Jackson v. Barnhart*, 1:05-CV-2979-WSD, 2006 WL 2466810, at *4 (N.D. Ga. Aug. 24, 2006) (citing *Bryant v. United States Dep't of Agric.*, 967 F.2d 501, 504 (11th Cir. 1992)).
[3] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[5] *Id*.
[6] *Twombly*, 550 U.S. at 556.

pleadings drafted by attorneys, and will, therefore, be liberally construed."[7] Nevertheless, "[e]ven with *pro se* litigants, 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'"[8]

When deciding a motion to dismiss for failure to exhaust, "it is permissible for a district court to consider facts outside of the pleadings and resolve factual disputes so long as the factual disputes do not decide the merits and the parties are given sufficient opportunity to develop a record."[9] The Court must analyze the facts as presented under a two-step process.[10]

> First, the court must look to the factual allegations in the defendant's motion and the plaintiff's response, taking the plaintiff's version of the facts as true to the extent that it conflicts with that of the defendant. If the complaint is not subject to dismissal at this step, the court must then make specific findings to resolve the parties' factual disputes, and determine whether the defendant bore its burden of proving that the plaintiff failed to exhaust his administrative remedies.[11]

With this legal framework in place, the Court will now turn to the facts of this case.

---

[7] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).
[8] *United States v. Korman*, 07-80998-CIV, 2008 WL 5662165, at *3 (S.D. Fla. Nov. 5, 2008) (quoting *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1246 (11th Cir. 2005)).
[9] *Basel v. Sec'y of Def.*, 507 F. App'x 873, 874-75 (11th Cir. 2013) (citing *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)).
[10] *Id.*
[11] *Id.* (internal citation omitted).

3

## BACKGROUND

The facts, viewed in the light most favorable to Plaintiff, are as follows:[12] On November 27, 2007, Plaintiff contacted an Equal Employment Opportunity ("EEO") counselor, alleging that the United States Department of Agriculture (the "USDA") discriminated against her based on reprisal for prior EEO activity that took place in 1986.[13] Plaintiff filed a formal EEO complaint against the USDA for employment discrimination on March 7, 2008.[14] The claim, and the only issue investigated by the agency, was whether the USDA discriminated against Plaintiff based on reprisal for prior EEO activity when it denied Plaintiff a non-competitive promotion to the position of a Biological Technician at the GS-0404-08/9 level.[15] The USDA accepted Plaintiff's complaint for investigation on April 15, 2008.[16]

At Plaintiff's request, a hearing was held before an Equal Employment Opportunity Commission ("EEOC") Administrative Judge (the "AJ") on March 13, 2009.[17] In an opinion rendered on October 1, 2010, the AJ found that the USDA did not discriminate against Plaintiff on the basis of reprisal for her prior EEO activity.[18] On November 23, 2010, the USDA entered a Final Order fully implementing the AJ's

---

[12] The facts as presented in this Order derive from the allegations in Plaintiff's Complaint as well as the administrative record attached to Defendant's Motion to Dismiss.
[13] Mtn. to Dismiss, Ex. A, Investigative Report, p. 13 [Doc. 6-2].
[14] *See id.* at Ex. B.
[15] *Id.* at Ex. A, p.12; Ex. B.
[16] *Id.* at Ex. A, p. 40.
[17] *Id.* at Ex. C; Ex. D, p. 7.
[18] *Id.* at Ex. D, p. 20.

decision and notified Plaintiff of her right to appeal.[19]  Plaintiff timely appealed the Final Order to the EEOC Office of Federal Operations (the "OFO").[20]

On February 21, 2013, the OFO affirmed the USDA's Final Order implementing the AJ's decision and finding no discrimination on the basis of reprisal for prior EEO activity.[21]  Plaintiff requested reconsideration of the OFO decision, but the OFO denied Plaintiff's request on September 11, 2013.[22]  In the same order, the OFO informed Plaintiff of her right to file a civil action in federal district court within 90 days.[23]

Thereafter, Plaintiff timely filed her Complaint in this case on December 9, 2013.[24] Therein, Plaintiff alleges that Defendant discriminated against her by (1) failing to promote her, (2) refusing to share information regarding a position to be filled, and (3) promoting her peers but placing a cap on her grade.[25]  Plaintiff further alleges that Defendant's conduct amounts to discrimination based on her race,[26] sex, and prior EEO activity, and has created a hostile work environment.[27]  As further support for her claims, Plaintiff alleges that Defendant promoted several white employees even though

---

[19] *Id.* at Ex. E.
[20] *See id.* at Ex. F, p. 1.
[21] *Id.* at Ex. F.
[22] *Id.* at Ex. G.
[23] *Id.* at Ex. G, p. 2.
[24] *See generally* Compl. [Doc. 1].
[25] *Id.* at p. 2.
[26] Although Plaintiff asserts a race discrimination claim, she does not specify her race in the Complaint.
[27] *Id.*

5

she was more qualified and had more experience.[28] Moreover, each time Plaintiff complained to her supervisor, "[she] was retaliated against, resulting in a hostile work environment."[29]

## DISCUSSION

Defendant has now moved to dismiss Plaintiff's race and sex discrimination claims as well as her hostile work environment claim on the grounds that she has failed to exhaust her administrative remedies as to these claims.

"In order to bring a Title VII claim, a plaintiff must exhaust [her] administrative remedies."[30] "The purpose of exhaustion is to permit the department the first opportunity to investigate the alleged discriminatory or retaliatory practices, and a plaintiff's judicial complaint is thereby limited by the scope of the investigation that can reasonably be expected to grow out of the administrative charge of discrimination or retaliation."[31]

To properly exhaust administrative remedies, a federal employee who believes she has been discriminated against must first notify and consult with an EEO counselor within 45 days of the occurrence of the discriminatory act.[32] Within 30 days thereafter, the EEO counselor must try to informally resolve the matter and advise the employee of

---

[28] *Id.* at p. 3.
[29] *Id.*
[30] *Whitby v. Sec'y for Dep't of Homeland Sec.*, 480 F. App'x 960, 963 (11th Cir. 2012).
[31] *Basel v. Sec'y of Def.*, 507 F. App'x 873, 875 (11th Cir. 2013) (citing *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004)).
[32] 29 C.F.R. § 1614.105(a).

her rights and responsibilities.[33]  If the matter cannot be resolved informally, the EEO counselor must notify the employee within 30 days of the initial contact of her right to file a formal complaint.[34]

The employee must then file her complaint with her agency within 15 days of receiving notice from the EEO counselor of her right to file a complaint.[35]  The complaint must contain a signed statement either by the employee or the employee's counsel.[36]  "This statement must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint."[37]  "[The employee] may amend [the] complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint."[38]  This right to amend extends beyond the request for a hearing before the AJ.[39]  After a request for a hearing, the employee may file a motion to amend her complaint with the AJ to include other related claims and issues.[40]

---

[33] *Id.* at § 1614.105(a)-(d).
[34] *Id.* at § 1614.105(d).
[35] *Id.* at § 1614.106(b).
[36] *Id.* at § 1614.106(c).
[37] *Id.*
[38] *Id.* at § 1614.106(d).
[39] *Id.*
[40] *Id.*

Once the employee files the complaint, the agency must acknowledge receipt of the complaint in writing and include a statement advising the employee of her rights.[41] Unless otherwise agreed to by the parties, the agency must complete its investigation of the complaint within 180 days.[42] Thereafter, the agency must provide the employee with its investigative file and notify the employee of her right to request either (1) a final decision from the agency or (2) a hearing and decision by an EEOC AJ.[43] The employee has the right to file a civil action within (1) 90 days of receipt of the final agency decision, or (2) 180 days of filing the formal complaint if there has been no final agency action.[44]

If the employee files a civil action in federal court, her claims are "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."[45] When evaluating the scope of the EEOC charge, courts should be "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]."[46]

Here, Plaintiff clearly exhausted her administrative remedies with respect to her discrimination claim based on reprisal for prior EEO activity. She filed a formal complaint alleging reprisal in March 2008. The agency investigated her reprisal claim,

---

[41] *Id.* at § 1614.106(e).
[42] *Id.* at § 1614.106(e)(2).
[43] *Id.* at § 1614.108(f).
[44] 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.107.
[45] *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (internal citation omitted).
[46] *Id.* (internal quotation marks and citation omitted) (alteration in original).

8

and, after conducting a hearing, the AJ rendered a decision finding no discrimination based on reprisal.  The OFO then affirmed the AJ's decision and denied the request for reconsideration.  At every step of the process, the relevant actors considered the only claim presented: discrimination on the basis of reprisal for prior EEO activity.

Plaintiff raises her race, sex, and hostile work environment discrimination claims for the first time in this civil action.  Plaintiff does not argue, nor does the administrative record demonstrate, that these additional claims (1) fell within the scope of her original EEO complaint or (2) were otherwise considered and addressed by the agency investigation, the AJ, or the OFO.  Despite the opportunity to do so, Plaintiff never amended her administrative complaint to add these additional discrimination claims.  As such, she has failed to exhaust her administrative remedies as to these claims.

Because exhaustion is a prerequisite to the right to file suit, Plaintiff's claims for race and sex discrimination as well as her hostile work environment claim must be dismissed.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss [Doc. 6] is **GRANTED**.  Accordingly, Plaintiff's race discrimination, sex discrimination, and hostile work environment claims are **DISMISSED** for failure to state a claim.  Plaintiff may,

however, proceed with her discrimination claim based on reprisal for prior EEO activity.

**SO ORDERED,** this 30th day of June, 2014.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

ADP/ssh