IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MARY WILLIAMS, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **No. 3:13-CV-138 (CAR)** |
| TOM J. VILSACK, Secretary, | : | |
| United States Department of | : | |
| Agriculture, | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Plaintiff Mary Williams, proceeding *pro se*, brings this suit against her current

employer, Defendant Tom J. Vilsack, in his official capacity as Secretary of the United

States Department of Agriculture, alleging that Defendant failed to promote her in

retaliation for prior Equal Employment Opportunity ("EEO") activity, in violation of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title

VII").  Currently before the Court is Defendant's Motion for Summary Judgment [Doc.

19].  Having carefully considered the Motion, the response thereto, and the applicable

law, Defendant's Motion [Doc. 19] is **GRANTED**.

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must

be granted "if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."[1]  A genuine issue of material fact only exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[2]  Thus, summary judgment must be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict.[3]  When ruling on a motion for summary judgment, the Court must view the facts in the light most favorable to the party opposing the motion.[4]

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law.[5]  If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[6]  This evidence must consist of more than mere conclusory allegations or legal conclusions.[7]

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[3] *See id.* at 249-52.

[4] *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

[5] *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted).

[6] *See* Fed. R. Civ. P. 56(e); *see also Celotex Corp.*, 477 U.S. at 324-26.

[7] *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

As a *pro se* litigant, Plaintiff is held "to a less stringent standard than formal pleadings drafted by lawyers."[8]  Nevertheless, Plaintiff's *pro se* status "does not exempt [her] from compliance with relevant rules of procedural and substantive law," including those applicable on summary judgment.[9]

## BACKGROUND

The facts viewed in the light most favorable to Plaintiff, the nonmovant, are as follows: Plaintiff is currently employed by the United States Department of Agriculture (the "USDA") as a biological technician with the Forest Service in Athens, Georgia, where she has worked since November of 1986.[10]  Before moving to Athens, Plaintiff worked for the USDA in its Macon office.[11]  In 1986, Plaintiff filed a sexual harassment complaint against an official in the Macon office and, as part of the resolution of that complaint, was transferred to Athens.[12]

Each staff position within the Forest Service has a corresponding job description with specified "grade-controlling" duties.[13] The grade of any position is determined by those enumerated duties.[14]  An employee's classification, in turn, is determined by

---

[8] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[9] *Hillemann v. Univ. of Cent. Fla.*, 411 F. Supp. 2d 1354, 1358-59 (M.D. Fla. 2004), *aff'd*, 167 F. App'x 747 (11th Cir. 2006) (internal quotation marks omitted).

[10] Decl. of Mary Kaye Williams, Ex. A, p. 49 [Doc. 6-2] ("Williams Decl.").

[11] *Id.* at p. 50.

[12] *Id.*; Admin. Hearing Trans. 6:24-7:2 (March 13, 2009) [Doc. 23-2] ("Hearing Trans.").

[13] Decl. of Ivory Walker, Ex. A, p. 61 [Doc. 6-2].

[14] *Id.*

which of those duties that employee regularly performs.[15]  So, for example, an employee

classified as a "GS-7" level employee would have certain specified duties; whereas, a

"GS-8" level employee would have different duties with broader decisionmaking

authority and greater responsibility than the "GS-7" level employee.[16]  At the time

Plaintiff transferred to Athens in 1986, she was classified as a GS-4 level employee.[17]

Within approximately a year of her arrival, Plaintiff was promoted to the GS-5 level.[18]

In 1993, Plaintiff received another promotion to the GS-6 level, where she remained

until 2006.[19]  Around the mid to late 1990s, Dr. Kerry Britton took over as Plaintiff's

supervisor.[20]  During that time, Dr. Britton gave Plaintiff additional duties but did not

promote her.[21]  Dissatisfied with the lack of promotion, Plaintiff expressed her concerns

to Dr. Britton but to no avail.[22]   Finally, in 1999, Plaintiff contacted the Equal

Employment Opportunity ("EEO") Office and mediation took place between Plaintiff

and Dr. Britton in which a career plan was developed for Plaintiff.[23]  Despite these

discussions, Dr. Britton never promoted Plaintiff.[24]

---

[15] *Id.*
[16] *Id.*
[17] Hearing Trans. 7:3-9.
[18] *Id.* at 7:15-19.
[19] *Id.* at 8:2-5; Williams Decl., Ex. A, p. 50.
[20] Hearing Trans. 8:21-23, 97:7-8.
[21] *Id.* at 9:11-10:4.
[22] *Id.* at 10:22-23.
[23] *Id.* at 9:18-19, 56-60, 104:1-6.
[24] *Id.* at 8:11-12.

In December 2002, Dr. James Hanula took over as Plaintiff's direct supervisor.[25] At that time, Dr. Britton told Dr. Hanula about Plaintiff's 1986 complaint as well as the mediation in 1999.[26] Dr. Britton, however, did not inform Dr. Hanula about any specific details surrounding the 1986 complaint.[27]   Shortly after Dr. Hanula began supervising Plaintiff, she asked for a promotion.[28]   Instead of promoting her at that time, Dr. Hanula suggested a "desk audit," which entailed submitting a description of Plaintiff's position to Defendant's human resources department to determine the appropriate GS-level classification for Plaintiff's current duties.[29]   The human resources department determined that Plaintiff was performing at the GS-6 level.[30]

Over three years later, in November 2006, Dr. Hanula promoted Plaintiff to the GS-7 level through a competitive selection process.[31] After that time, Plaintiff took on duties related to hazardous material inventory and pickup and served as chairwoman of the safety committee.[32]   Approximately a year later, on October 31, 2007, Dr. Hanula met with Plaintiff during a performance evaluation and told her she was performing well.[33] In fact, Plaintiff always performed well under Dr. Hanula's supervision and

---

[25] Decl. of James Lee Hanula, Ex. A, p. 56 [Doc. 6-2] ("Hanula Decl.").
[26] *Id.*; Hearing Trans. 104:16-25.
[27] Hanula Decl., Ex. A, p. 56.
[28] Hearing Trans. 127:3-4.
[29] *Id.* at 127:6-128:7.
[30] *Id.* at 129:12-15; Evaluation Statement, Ex. A, pp. 70-72 [Doc. 6-2].
[31] *Id.* at 18:6-11, 130:14-133:7.
[32] Williams Decl., Ex. A, p. 51; Hearing Trans. 27:10-11.
[33] Williams Decl., Ex. A, p. 51.

never received any reprimands.[34]  During that meeting, Plaintiff requested a promotion to the GS-8 level.[35]   Dr. Hanula denied her request, stating that Plaintiff was not performing work at the GS-8 level, and he did not have the work or the need for a GS-8 level employee.[36] Plaintiff further testified that Dr. Hanula told her that she would never be promoted higher than a GS-7.[37]

A month later, Plaintiff contacted an EEO counselor regarding the denial of the GS-8 level promotion.[38]   On March 7, 2008, Plaintiff filed a formal EEO complaint, alleging that the USDA retaliated against her for prior EEO activity by failing to promote her to the GS-8 level.[39]   At a hearing before an Equal Employment Opportunity Commission ("EEOC") Administrative Judge ("AJ"), Plaintiff testified that she had not been promoted, but a few of her peers—Mike Cody (GS-9),  Susan Best (GS-8), and Lynn Burgess (GS-8)—were performing similar work and had been promoted.[40]   Of those three co-workers, only Mike Cody reported directly to Dr. Hanula.[41]   Dr. Hanula did not, however, promote Cody to the GS-9 level; Cody was already at the GS-9 level when Dr. Hanula began working at the Athens branch.[42]

---

[34] Hearing Trans. 22:16-24.

[35] Williams Decl., Ex. A, p. 51.

[36] Hearing Trans. 134:10-13.

[37] Williams Decl., Ex. A, p. 51.

[38] Investigative Report, Ex. A, p. 13 [Doc. 6-2].

[39] *Id.*

[40] Hearing Trans. 18:22-20:5.

[41] *See* Hearing Trans. 164:25-165:4.

[42] *Id.* at 150:3-14.

Following the hearing, the AJ issued an opinion dated October 1, 2010, finding

that Plaintiff was not retaliated against for either the 1986 sexual harassment complaint

or the 1999 mediation.[43]  On November 23, 2010, the USDA entered a Final Order fully

implementing the AJ's decision and notified Plaintiff of her right to appeal.[44]  Plaintiff

timely appealed the Final Order to the EEOC Office of Federal Operations (the "OFO"),

which affirmed.[45]  Plaintiff requested reconsideration of the OFO decision, but the OFO

denied Plaintiff's request on September 11, 2013.[46]

Thereafter, on December 9, 2013, Plaintiff timely filed this suit, raising claims for

race discrimination, sex discrimination, hostile work environment, and retaliation.  The

Court dismissed all the claims except for the retaliation claim for failure to exhaust

administrative remedies.  Defendant now moves for summary judgment on the

remaining retaliation claim.[47]

---

[43] Decision, Ex. D, p. 20 [Doc. 6-5].
[44] Final Order, Ex. E [Doc. 6-6].
[45] Decision, Ex. F [Doc. 6-7].
[46] Denial, Ex. G [Doc. 6-8].
[47] In her response to the instant Motion, Plaintiff continues to argue the merits of the dismissed hostile work environment claim.  Specifically, Plaintiff contends that the hostile work environment claim was raised and argued at the hearing before the AJ.  Plaintiff should have raised these arguments in response to the motion to dismiss.  In any event, the arguments now presented do not provide the Court with grounds to reconsider its decision to dismiss the hostile work environment claim.  That claim remains dismissed, and, therefore, the Court will not consider argument related to that claim on summary judgment.

## DISCUSSION

Title VII prohibits any employer from discriminating against an employee who "has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."[48]  In this case, Plaintiff alleges that Defendant's failure to promote her to the GS-8 level in October 2007 amounts to retaliation for her prior EEO activity in violation of Title VII.

To establish a *prima facie* case of retaliation, "[a] plaintiff must show that (1) she engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities."[49] Once the plaintiff satisfies her burden of establishing each of these elements, "the employer has an opportunity to articulate a legitimate, nonretaliatory reason for the challenged employment action."[50]  "The plaintiff [then] bears the ultimate burden of proving retaliation by a preponderance of the evidence and that the reason provided by the employer is a pretext for prohibited retaliatory conduct."[51]  Having reviewed all the evidence of record, the Court finds that Plaintiff fails to establish a *prima facie* case of retaliation, and thus Defendant is entitled to summary judgment.

---

[48] 42 U.S.C. § 2000e-3(a).

[49] *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997).

[50] *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).

[51] *Id.*

8

In this case, Plaintiff successfully establishes the first two elements of the *prima facie* case—the 1986 sexual harassment complaint and the 1999 mediation constitute statutorily protected activity, and failure to promote constitutes an adverse employment action.   However, there is no evidence showing a causal connection between Plaintiff's protected activity and Defendant's decision not to promote her.

"To establish a causal connection, a plaintiff must show that the relevant decisionmaker was aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated."[52]  Additionally, Plaintiff must prove "that the desire to retaliate was the but-for cause of the challenged employment action."[53] A causal connection can sometimes be established "by showing close temporal proximity between the statutorily protected activity and the adverse employment action."[54]   If the plaintiff is relying on temporal proximity alone to establish a *prima facie* case, the protected activity and adverse employment action must be "very close" in time.[55]   If there is a significant gap of time between the two, "the plaintiff must offer additional evidence to demonstrate a causal connection, such as a

---

[52] *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1211 (11th Cir. 2013) (quotation marks omitted).
[53] *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2528 (2013).
[54] *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).
[55] *Id.*

pattern of antagonism or that the adverse action was the 'first opportunity' for the employer to retaliate."[56]

Here, Plaintiff cannot establish a causal connection because too much time passed—approximately eight years—between her protected activity and Defendant's decision not to promote her in October 2007.  The Eleventh Circuit has held "[a] three to four month disparity between the statutorily protected expression and the adverse employment action is not [close] enough."[57]  If a matter of several months is not close enough to infer a retaliatory motive, an eight-year gap, without more, is clearly too long to infer a retaliatory motive.

Furthermore, Plaintiff fails to proffer any additional evidence suggesting that the 1986 complaint or the 1999 mediation influenced Dr. Hanula's decision.   While Dr. Hanula knew about Plaintiff's prior protected activity, he did not know the particular details of her earlier sexual harassment complaint and was not personally involved in either the 1986 complaint or the 1999 mediation.[58]   Moreover, a causal connection is even more attenuated given that Dr. Hanula's decision not to promote her in 2007 was not the "first opportunity to retaliate" against Plaintiff.  Just one year prior, despite his

---

[56] *Jones v. Suburban Propane, Inc.*, 577 F. App'x 951, 955 (11th Cir. 2014).

[57] *Thomas*, 506 F.3d at 1364; *see also Smith v. City of Fort Pierce, Fla.*, 565 F. App'x 774, 779 (11th Cir. 2014) (seven months is too long to support an inference of causation).

[58] *See Philon v. Rice*, 758 F. Supp. 724, 725 (M.D. Ga. 1991) (finding plaintiff failed to show causal connection because, although hiring supervisor knew about the prior complaints, he was not involved in the prior complaints).

knowledge of Plaintiff's protected activity, Dr. Hanula promoted her to the GS-7 level.

In light of these facts, Plaintiff fails to show that the decision not to promote her in

October 2007 was motivated by a retaliatory motive.   There is simply no evidence from

which a reasonable jury could find that Plaintiff's prior EEO activity was the but for

cause of Defendant's decision not to promote her. Thus, Plaintiff fails to establish a

*prima facie* case of retaliation.[59]

## CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment [Doc. 19] is

**GRANTED.**

**SO ORDERED,** this 5th day of August, 2015.

> S/  C. Ashley Royal
> C. ASHLEY ROYAL
> UNITED STATES DISTRICT JUDGE

---

[59] Even if Plaintiff could establish a *prima facie* case, Defendant would still be entitled to summary judgment.  Defendant articulated legitimate nonretaliatory reasons for not promoting Plaintiff—namely, Plaintiff was not performing GS-8 level work, and Dr. Hanula did not have the work or need for another GS-8 employee.  Plaintiff fails to offer any evidence showing these reasons were merely pretext to retaliate.  There is insufficient evidence, for example, that Plaintiff's GS-8 and GS-9 level coworkers were similarly situated with Plaintiff.  Plaintiff's bare assertions of retaliation, without evidentiary support, are insufficient to meet her burden of showing pretext.  *See Castillo v. Roche Labs, Inc.*, 467 F. App'x 859, 864 (11th Cir. 2012).